# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

ERIC JASON FARLEY,     PLAINTIFF
ADC #121579

v.     4:22CV00235-KGB-JTK

WELLPATH HEALTHCARE, et al.     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Eric Jason Farley ("Plaintiff") was incarcerated at the Wrightsville Hawkins Unit of the Arkansas Division of Correction ("ADC") at the time he filed this lawsuit. (Doc. No. 2). Mail sent to Plaintiff at his address of record—the Wrightsville Unit (Doc. No. 6)—is being returned as undeliverable. (Doc. Nos. 31, 34, 39). On March 27, 2023, the Court directed Plaintiff to update his address within 30 days. (Doc. No. 32). To date, Plaintiff has not updated his address or otherwise responded to the Court's March 27, 2023 Order.

Rule 5.5(c)(2) of the Local Rules for the United States District Court for the Eastern and Western Districts of Arkansas provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

LOCAL RULE 5.5(c)(2).

In the Court's March 27, 2023 Order, the Court informed Plaintiff of his responsibility to comply with Local Rule 5.5(c)(2). (Doc. No. 32). Nonetheless, Plaintiff has not responded to the Order, and Plaintiff's mail continues to be returned as undeliverable. As such, Plaintiff's Complaint should be dismissed without prejudice for failure to prosecute. LOCAL RULE 5.5(c)(2); FED. R. CIV. P. 41(b).

There are several pending motions in this case: a Recommendation that certain of Plaintiff's claims be dismissed for failure to state a claim on which relief may be granted (Doc. No. 10); a Recommendation that Plaintiff's claims against Nurse Mac be dismissed for failure to prosecute (Doc. No. 19); Defendant Lane's Motion for Summary Judgment on the issue of exhaustion and the related Recommendation (Doc. Nos. 20, 27); and Defendant Lane's Motion for Summary Judgment on the merits (Doc. No. 36). The Court notes that Defendant Lane's Motion for Summary Judgment on the merits was filed after Plaintiff apparently was released from custody, and the certificate of service reflects Plaintiff's Wrightsville address, as that is Plaintiff's address of record. (Id. at 2). As such, it seems Plaintiff did not receive the mail containing the Motion.

Because the Court recommends that Plaintiff's claims be dismissed for failure to prosecute, the Court recommends that all pending Motions be denied as moot.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint be DISMISSED without prejudice for failure to prosecute.

2. All remaining pending Motions be DENIED as moot.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 28th day of April, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE